IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEPHANNIE FELSENTHAL, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:24-cv-05671 |
| Plaintiff, | | |
| v. | | |
| MEDELA LLC | | |
| Defendant. | | |

**DEFENDANT MEDELA LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Medela LLC respectfully submits the recent decision in *Daly v. The Wonderful Company, LLC*, No. 24 C 1267, 2025 WL 1331750 (N.D. Ill.) (slip op.), attached as Exhibit A, as supplemental authority in further support of its Motion to Dismiss Plaintiff's First Amended Complaint or in the Alternative to Strike Plaintiff's Class Allegations, ECF No. 23. The decision was issued on May 7, 2025, after Medela filed its Reply in Support of Motion to Dismiss on April 28, 2025. *See* ECF No. 27. Medela raised a prior decision from the *Daly* litigation in its Reply brief. *Id.* at 4–5 (discussing *Daly v. Wonderful Co., LLC*, 2025 WL 672913 (N.D. Ill. Mar. 3, 2025)).

In *Daly*, plaintiffs alleged that the term "natural" on Fiji Water bottles was misleading because the water contains microplastics. This Court previously ruled that plaintiffs' "conclusory and unsupported allegation that Fiji Water is contaminated with microplastics, thus rendering the 'Natural' appellation misleading, is insufficient to give rise to a plausible claim for relief." Ex. A at *4 (quoting *Daly*, 2025 WL 672913, at *7). In a proposed second amended complaint, plaintiffs made two new allegations: "First, Daly's attorneys tested Fiji Water purchased by plaintiffs and found it contained microplastics. And second, Daly has retained an expert who will

1

in the future perform testing of Fiji Water." *Id.*

In the attached opinion, this Court denied Daly's motion for leave to file the proposed complaint, *see* Exhibit A. It first noted that the proposed future testing does not reference any current facts and thus does not advance Daly's claims over the plausibility line. Next, with regard to Daly's attorney's testing of the product, the Court recognized that "Daly provides no information about when the testing was done, how it was done, or what it showed, including whether the microplastics were present in a concentration that would be considered unsafe." *Id.* at *4. Thus, neither of the new allegations "amount[s] to a plausible allegation of contamination." *Id.*

Plaintiff Felsenthal, by comparison, does not allege *any* testing of Medela's products, and thus she cannot say that the level of microplastics, if any, in Medela's Products is unsafe. *See* ECF No. 24 at 7-8; ECF No. 27 at 4-7. The latest decision in *Daly* further supports that this Court should dismiss Plaintiff's First Amended Complaint.

Dated: May 9, 2025

Respectfully submitted,

By: /s/ *Daniel A. Spira*

Daniel A. Spira (ARDC No. 6300930)
William J. Lawrence (ARDC No. 6339272)
**SIDLEY AUSTIN LLP**
One South Dearborn
Street Chicago, IL 60603
(312) 853-7000
dspira@sidley.com
bill.lawrence@sidley.com

Lisa S. Gilford (admitted *pro hac vice*)
Rara Kang (admitted *pro hac vice*)
**SIDLEY AUSTIN LLP**
350 South Grand Avenue
Los Angeles, CA 90071
lgilford@sidley.com
rkang@sidley.com

*Counsel for Defendant Medela LLC*