# Exhibit A

2025 WL 1331750
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division,
EASTERN DIVISION.

JOHN DALY, et al., individually and on behalf
of all others similarly situated, Plaintiffs,
v.
THE WONDERFUL COMPANY, LLC, Defendant.

Case No. 24 C 1267
|
Filed: 05/07/2025

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY United States District Judge

**\*1** John Daly has filed a lawsuit against The Wonderful Co. (TWC). TWC distributes and sells Fiji Water, a bottled water product. (There are other plaintiffs, but for simplicity's sake the Court will use only Daly's name.) Daly asserts claims on behalf of a putative class and subclasses of similarly situated consumers. The claims target TWC's use of the term "Natural Artesian Water" on the label of Fiji Water bottles. Daly contends that the use of the term "natural" is deceptive because the water contains microplastics. Daly asserts claims under various state consumer protection statutes and for common law fraud and unjust enrichment.

Daly filed this lawsuit in Illinois state court in January 2024. TWC removed the case to federal court under the Class Action Fairness Act and then moved to dismiss for failure to state a claim. TWC's motion to dismiss, filed in March 2024, argued that Daly had not adequately alleged the elements of his claims and also that the claims were preempted by the federal Food, Drug, and Cosmetic Act and were subject to a statutory "safe harbor" under the Illinois Consumer Fraud and Deceptive Business Practices Act. The motion to dismiss was fully briefed as of about mid-May 2024. In late July 2024, before issuance of a ruling on the motion to dismiss, Daly sought and obtained leave to file an amended complaint. The amended complaint, filed on July 31, 2024, included additional plaintiffs and claims under additional state laws. And, of course, Daly had had TWC's motion to dismiss briefing for over two months at that point and thus knew, and could address, the parts of the original complaint TWC had argued were insufficiently pleaded.

TWC moved to dismiss Daly's amended complaint, making arguments similar to those it had made on the first go-round. On March 3, 2025, the Court issued a decision granting TWC's motion to dismiss. *See Daly v. The Wonderful Co.*, No. 24 C 1267, 2005 WL 672913 (N.D. Ill. Mar. 3, 2025). The Court overruled TWC's preemption argument but dismissed all of Daly's claims for failure to state a claim.[1] The Court's ruling turned on the sufficiency of Daly's allegations that Fiji Water is contaminated with microplastics. Here are excerpts from the Court's discussion of these points.

> Plaintiffs allege that the water in these bottles contains microplastics. The Environmental Protection Administration defines microplastics as small particles of plastic ranging from 5 millimeters to 1 nanometer in size. Plaintiffs contend that microplastics from plastic bottles can contaminate the water held in the bottles and, as a result, expose consumers to these substances, leading to harmful health effects.
>
> Plaintiffs allege generally that the water they purchased contained microplastics. To support this, plaintiffs point to two studies. First, a 2018 study at the State University of New York Mason Lab concluded that 93 percent of bottled water among eleven brands—not including Fiji Water—showed signs of microplastic contamination in varying degrees. Second, plaintiffs cite a study from 2019, which found that a reason for microplastic contamination in bottled water was mechanical stress on the cap and bottleneck from repeated opening and closing. Plaintiffs also cite to research studies finding that microplastics have toxic effects in marine invertebrates.

**\*2** *Id.* at \*1.

> Plaintiffs contend that bottled Fiji Water is contaminated with microplastics and therefore contains "filthy substances." Am Compl. ¶ 31. They further allege that plaintiffs and other reasonable consumers would not expect that bottled water labeled "natural" would contain microplastics and that this fraudulent labeling "impaired Plaintiff[s'] ability to choose the type and quality of products" they purchase. Am Compl. ¶¶ 35, 36, 46.
>
> TWC ... argues that plaintiffs have failed to state a claim upon which relief may be granted because they do not allege that they tested Fiji Water bottles and

found microplastic contamination at levels sufficient to be "adulterated" under the FDCA and because they do not meet the standards for liability under state consumer protection statutes or for common law fraud.

*Id.* at *2.

TWC argues that plaintiffs' claims are deficient because they do not plausibly allege that ... Fiji Water actually contains microplastics ....

Plaintiffs have brought claims under five state consumer protection statutes. Each of these statutes "require[s] plaintiffs to prove that the relevant labels are likely to deceive reasonable consumers." *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 972 (7th Cir. 2020). Deception—or, more specifically, making a false statement with the intent to induce reliance—is also an element of plaintiffs' common law fraud claim. *See generally Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833–34 (7th Cir. 2007) (listing the elements of a fraud claim). And plaintiffs' unjust enrichment claim is expressly premised on the allegation that TWC made false statements about Fiji Water. *See* Am. Compl. ¶ 84. In this case, the alleged deception concerns calling Fiji Water "natural" artesian water even though it contains microplastics**.**

TWC argues that "Plaintiffs do not allege anywhere in the [first amended complaint] that any Product was actually: (1) tested for microplastics, (2) determined to contain any 'filthy substances' of 'polypropylene, polyethylene, polystyrene, or other synthetic polymers' ...; or (3) found to have concentrations of 'filthy substances' that would be harmful to human health in violation of FDCA regulations." Mem. in Support of Mot. to Dismiss at 6. For these reasons, TWC argues, plaintiffs do not plausibly allege that Fiji Water actually contains microplastics and thus do not plausibly allege that TWC made deceptive or fraudulent representations.

... The question in this case is whether plaintiffs' allegation that the Fiji Water they purchased contained microplastics is a "well-pleaded" factual allegation.

It is unclear whether it is reasonable to expect the plaintiffs to have tested the specific items they purchased; those were likely consumed. But under the circumstances, plaintiffs' bare and (in the Court's view) unsupported allegation that Fiji Water contains microplastics is insufficient to "nudge[ ] their claims across the line from conceivable to plausible." *Bell Atl. Corp.*, 550 U.S. at 570. It would perhaps be sufficient if plaintiffs had cited to relatively contemporaneous tests of other bottles of Fiji Water (whether opened or unopened), but that is not what they have done. Rather, their only reference to testing involves other brands of water, not Fiji Water. Plaintiffs also cite a study regarding a proposed mechanism for how microplastic contamination of bottled water occurs—from twisting the lid open and shut—but this study, as least as plaintiffs characterize it in their complaint, is less than definitive, and plaintiffs do not allege that Fiji Water bottles were tested in that study either.

 *3 Allowing a suit of this type to proceed on this basis would basically open the door to enabling any purchaser of any consumable product to file a lawsuit simply saying, "I bought product X, and it contains microplastics" (or "forever" chemicals, or heavy metals, or whatever) and thereby get past a motion to dismiss and into discovery and class certification proceedings. Given the context (consumable products claimed to include contaminants), plausibility requires more. The Court concludes that plaintiffs' conclusory and unsupported allegation that Fiji Water is contaminated with microplastics, thus rendering the "Natural" appellation misleading, is insufficient to give rise to a plausible claim for relief.

*Id.* at *6-7 (footnote omitted).

[1]   The Court also dismissed Daly's request for injunctive relief for lack of standing.

The penultimate sentence of the Court's decision stated that "[u]nless plaintiffs file, by no later than March 18, 2025, a proposed second amended complaint that includes at least one viable claim over which the Court has jurisdiction, the Court will enter judgment against them." *Id.* at *7.

Daly filed a proposed second amended complaint on the date set by the Court. On the point that led to dismissal of the previous version of the complaint, here are the new allegations that the second amended complaint includes:

2. The Law Offices of Todd M. Friedman P.C. performed a scientific investigation and analysis on bottles of Defendant's Fiji bottled water purchased by Plaintiffs to establish whether the water contained microplastics. This investigation established that Fiji bottled water products purchased by Plaintiffs contained microplastics. Plaintiffs and Plaintiffs' Counsel assert that the actual

investigation materials, results, mental impressions, and related documents are protected attorney work product prepared in anticipation of litigation.

3. Plaintiffs' [sic] have retained Dr. James V. Cidziel as a testifying expert to perform an independent analysis of the Plaintiffs' Fiji bottled water, and to provide an expert report during discovery. Dr. Cidziel will be provided with bottles of Product actually purchased by the Plaintiffs in order to perform independent tests for microplastic contamination. Dr. Cidziel is a professor and interim chair at the Department of Chemistry and Biochemistry at the University of Mississippi. Dr. Cidziel performs research in the areas of analytical chemistry, environmental chemistry, and forensic chemistry including published research on the detection of microplastics in the environment.

4. Plaintiffs reserve the right to provide Dr. Cidziel's expert testimony at the appropriate expert designation and disclosure deadline set during discovery.

...

47. A preliminary scientific investigation and analysis of the actual bottles of the Products purchased by Plaintiffs established that Plaintiffs' Products contained microplastics despite being labeled Natural Artesian Water.

48. Plaintiffs have hired Dr. James Cidziel as a testimonial expert witness to perform an independent analysis of the Products and provide his expert opinion during discovery in this case.

2d Am. Compl. ¶¶ 2-4, 47-48 (footnote omitted from paragraph 3). As can be seen, paragraphs 47 and 48 are essentially summaries of paragraphs 2 through 4; they add nothing new.

Daly's added allegations on the particular point that formed the basis for the earlier dismissal, found in paragraphs 2, 3, and 4, are fairly summarized as follows. First, Daly's attorneys tested Fiji Water purchased by plaintiffs and found it contained microplastics. And second, Daly has retained an expert who will in the future perform testing of Fiji Water. On the first of these points, Daly offers no information about what sort of testing was done, under what conditions, or what its results were (aside from the generalized statement that Fiji Water "contained microplastics"). Indeed, Daly and his counsel expressly deem this information to constitute protectable work product and will not disclose it. The second of Daly's new points does not reference any *current* factual allegations; it simply refers to testing contemplated in the future.

**\*4** The Court dismissed the previous (second) version of Daly's complaint because it did not plausibly allege that Fiji Water actually contains microplastics. Rather, the earlier version of the complaint referred only to testing of other brands of water and cited a study regarding a proposed mechanism for how microplastic contamination could occur —*after* the bottle is actually sold—but even that study was not claimed to include Fiji Water bottles.

Daly has made new allegations in his second amended complaint, but in the Court's view they add nothing of substance. Daly's allegation that an expert will perform testing at some unspecified point in the future may as well not even be in the complaint; it says nothing about the facts as they exist now or as they existed at the time the amended complaint was filed. Defendants, and the Court, are essentially being asked to take it on faith. That's not good enough, at least not in a situation where the key facts are *currently available* to the plaintiff.

As far as what is currently available, Daly's new allegation that his lawyers have tested Fiji Water and found it to contain microplastics is hard to take seriously, given that he declines to say anything more about that, contending that it's all protected work product. As TWC points out, Daly provides no information about when the testing was done, how it was done, or what it showed, including whether the microplastics were present in a concentration that would be considered unsafe or that cause the product to be considered as "adulterated." [2]

[2] Nor, the Court notes, is there anything about whether the microplastics were in the bottles of water *before they were opened*, in other words, whether the representation that the bottles contained "Natural" artesian water is deceptive. See *Daly*, 2025 WL 672913, at \*6 n.1.

A rough analogy might be a poker game in which a player says that his hole card completes a straight and asks to be awarded the pot, but won't flip over the hole card to allow the other players to see it. The Court concludes that Daly's allegation that he did testing that "established that Fiji bottled water products purchased by Plaintiffs contained microplastics" does not amount to a plausible allegation of contamination given his position that anything beyond that is privileged and

won't be disclosed, and that his intention to have an expert do more testing in the future does not advance his claims over the plausibility line.

The Court therefore denies Daly's motion for leave to file a second amended complaint. At this point, Daly has had, effectively, three opportunities to plead plausible claims and has not done so. And the last version was filed after an express warning that if he did not state a viable claim the Court would enter judgment. Daly quite obviously made a considered strategic decision, in the face of that warning, to keep under wraps the actual results of his claimed pre-lawsuit testing. The Court concludes that Daly is not entitled to another opportunity to amend and that it is appropriate to enter judgment dismissing his claims with prejudice for failure to state a claim.

## Conclusion

For the reasons stated above, the Court denies plaintiffs' motion for leave to file a second amended complaint [dkt. 44]. In addition, the Court directs the Clerk to enter judgment stating: This case is dismissed with prejudice.

**All Citations**

Slip Copy, 2025 WL 1331750

---

End of Document     © 2025 Thomson Reuters. No claim to original U.S. Government Works.